Francisco **PLAZA** et al., Appellants,

v.

The **GOVERNMENT OF GUAM**, Appellee.

Crim. No. 11–A.

District Court of Guam, Appellate Division.

Nov. 21, 1957.

E. R. Crain, Agana, Guam, for appellants.

Louis A. Otto, Jr., Atty. Gen., Leon D. Flores, Island Atty., W. Scott Barrett, Dep. Island Atty., Agana, Guam, for appellee.

Before SHRIVER, WIIG, and McLAUGHLIN, District Judges.

## McLAUGHLIN, District Judge.

As evening approached the coastal town of Inarajan on the Island of Guam a group of men gathered on each side of the narrow village street. Why they assembled is left a mystery, but we do know that those assembled had certain things in common. All in the group were laborers brought to the Island from the Philippines. They were part of the labor force of Guam which far away from homeland and families worked on government projects by day and sought to take the edge off loneliness and idleness in off hours. Despite this common bond, there was a factor of disunity. The group assembled on one side of the village street was quartered at the Marbo Labor Camp, while their co-workers facing them on the opposite side were Rojas Camp boys. To the observer this might seem trivial, but like sailors of two different ships meeting in a beer hall such differences albeit arbitrary in origin proved ample grounds for a free-for-all.

The appellants, eleven in number, consist of Marbo and Rojas contestants of this fight who appeal from the judgment of the Island Court of Guam, wherein they were jointly convicted of committing a riot. Pursuant to this conviction the court has imposed upon each appellant a fine of Fifty Dollars. The appellants assign seven specifications of error. We find that specifications one through six have no merit. Specification 7 cites a ground of basic error in that the evidence presented was not sufficient to support a conviction of riot under the applicable statute. Section 404 of the Penal Code of Guam defines the crime of riot as follows:

"Any use of force or violence, disturbing the public peace, or any threat to use such force or violence, if accompanied by immediate power of execution, by two or more persons acting together, and without authority of law, is a 'riot.'"

A review of the record discloses that the acts for which the appellants were convicted are covered within the scope of Section 404 with the exception of the term "acting together." The application of this concept must be understood in the context of its common law meaning. Our research has not revealed any significant treatment by American courts of the subject. However, cases in other common law jurisdictions have considered the question, and we find their reasoning persuasive.

In the Indian case of Regina v. Mazhur Hassein, 5 N.W. 208 (1873), reported in 15 (replacement) The English and Empire Digest, case *4968, the members of two separate groups were convicted of rioting. One group consisted of not less than five persons. They as well as their opponents came armed with sticks prepared to fight and did fight. Held: they were not improperly convicted of rioting, their common object being to assault their opponents.

As to the other groups, the court found that they had no object in common with the first and were therefore not part of the same riot. This group consisted of four persons. The fight did not occur in a public place. Held: they were not properly convicted of rioting; had the fight occurred in a public place it might have been held that the common object of both parties was to commit an affray.

Another decision that contending forces in a common melee do not constitute a single riot is the Canadian case of Regina v. Corcoran, 26 Upper Canada Common Pleas Reports 134 (1876). There a religious procession was attacked by rioters. Corcoran, one of the processionists, separated himself from his fellow marchers and fired a pistol above the heads of the attacking rioters. Corcoran and fourteen of the attackers were indicted on a charge of riot, on which

charge he and nine others were convicted. On appeal the conviction of Corcoran was reversed. While his actions might be punishable in themselves they do not merge with those of the rioters simply because they are in response to the rioters' attack. His actions stood alone and since he was not proved to be acting in concert with anyone there was no evidence to support a conviction of riot. As we read the opinion, the court states further without deciding that had Corcoran been joined in his acts of violence by some of his fellow processionists this group could have itself been convicted of a separate riot.

The facts which face us here outline the dimensions of a common gang fight. It cannot be maintained that in such an affray the participants exhibit a community of interest to achieve an established goal. Instead it is the fight *per se* which is the goal, and in such a fight there are two contending forces each with its own ends to accomplish. Both groups cannot be indicted for a single riot.

We further note that although these appellants received modest fines, the punishment for riot under Section 405, Penal Code of Guam, may extend to imprisonment not exceeding one year or by fine not exceeding $200 or both. The offense of disturbing the peace under Section 415 of the Penal Code may be punished by fine not exceeding $50 or by imprisonment for not more than sixty days or both. This difference indicates the more serious nature of riot and the care which must be exercised in distinguishing it from other disturbances. The statutes of Guam clearly lay before us the elements of the crime of riot. While disturbances such as appellants here participated in are injurious to the public peace we must conclude from a reading of the facts that all the required elements specified have not been met.

We find that the judgment of the Island Court of Guam must be reversed and the conviction set aside.